# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8514 | **DATE** | 1/28/2004 |
| **CASE TITLE** | Payton, et al. vs. County of Kane, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss is denied as to Count VII and granted as to all other counts. Discovery is ordered closed on 7/30/04. Pretrial order will be due by 8/30/04; and response to any motions in limine by 9/13/04. Pretrial conference set for 9/23/04 at 4:00 p.m. and trial set for 9/27/04 at 9:30 a.m. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 27 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 29 2004 date docketed | 268 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/28/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DELVIN C. PAYTON, EVAN WALLACE,**
**LARRELL CANNON, REGINALD CLAY,**
**AARON S. CORSON, AND PHILLIP O.**
**CARSON,** on behalf of themselves and
as representatives of a class,

      Plaintiffs,

v.

**COUNTY OF KANE,** et al.,

      Defendants.

No. 99 C 8514

DOCKETED
JAN 29 2004

## MEMORANDUM OPINION AND ORDER

In Illinois, if an accused is determined by a court to be eligible for bail, the Illinois Code of Criminal Procedure provides three different options for payment of that bail. An accused may deposit the full amount in cash or securities, present real estate valued at double the amount of the bail, or deposit ten percent of the bail amount with the clerk of the court. If the third option is elected, ten percent of the deposited amount, totaling one percent of the total bail amount, is retained by the county clerk as an administrative fee. The accused may also deliver the bond to the sheriff rather than the clerk; however, the sheriff may charge a fee for accepting the bond. The fee is set at $1 by the state legislature, but a county board may increase the fee if an independent evaluation concludes that the $1 fee is not sufficient to cover the cost of providing the service. All but four of the defendant counties have used this procedure to increase the



sheriff's fee for accepting a bond; most charge between $10 and $22. This fee is not returned, even if an accused is eventually acquitted of wrongdoing. Plaintiff arrestees have filed a thirteen-count class action complaint alleging that thirty-nine Illinois counties and sheriffs have violated their rights by requiring payment of sheriffs' fees prior to their release from jail. They further allege that the fee was illegally demanded from some of those released on personal recognizance. Plaintiff Delvin C. Payton alleges that he was detained two hours while his family gathered the amount of the bond fee. I dismissed the case for lack of standing, and the Seventh Circuit reversed, directing me to consider class certification before addressing the issue of standing. *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002). The defendants have now moved to dismiss the complaint for failure to state a claim. I DENY that motion as to Count VII and GRANT it as to all other counts.

The sheriff's fee does not violate the Eighth Amendment's prohibition against "excessive bail." When Illinois first instituted the policy of retaining one percent of the bond amount as a fee, the Supreme Court subjected the rule only to rational-basis review, explaining that the policy "smacks of administrative detail and of procedure and is hardly to be classified as a 'fundamental' right or as based upon any suspect criterion." *Schilb v. Kuebel*, 404 U.S. 357, 365 (1971). The fact that the sheriff's

2

fee in the instant case is paid upon release from custody, rather than upon return of the deposit following appearance at trial, does not alter this analysis. The Fifth Circuit, the only court of appeals that has addressed the constitutionality of a bail scheme where a fee was required prior to release, characterized a Louisiana policy similar to the one at hand as a "*de minimis* administrative fee" compatible with the Eighth Amendment and affirmed the district court's rejection of a class action challenge. *Broussard v. Parish of Orleans*, 318 F.3d 644, 651 (5th Cir. 2003). Furthermore, unlike the Louisiana arrestees in *Broussard*, Illinois arrestees who do not wish to pay the fee have an alternative: they may simply pay their bond to the clerk rather than the sheriff. As the county clerks generally keep regular business hours, this is an inconvenience, especially for a suspect arrested late at night, but as a matter of law, I cannot agree that the Eighth Amendment requires sheriffs to accept bail on behalf of the county without compensation. Even if the fee were required no matter where bond was paid, that would not render the bond "excessive"; judges in various counties are certainly aware of the fees required for pre-trial release in the county, and surely would adjust the bail amounts to compensate for the fee if it made a meaningful difference. Finally, if the bail amount combined with the administrative fee is too burdensome, the plaintiffs may avail themselves of the reduction of bail provisions of the criminal

3

code, which permit a defendant to request that bail be reduced, thus freeing funds to be applied toward the fee. The motion to dismiss is GRANTED as to Count I.

Similarly, plaintiffs fail to allege any violation of their right to due process. As discussed above, charging arrestees a fee in exchange for providing a service simply does not implicate the Constitution. Plaintiffs' reliance on language of the Seventh Circuit's earlier opinion in this case is misplaced. The only issue before the Seventh Circuit on appeal was the standing of the plaintiffs, not the adequacy of their allegations. The motion to dismiss is GRANTED as to Counts II, III, and VIII.

In Count VII, plaintiffs allege that defendant counties arbitrarily and capriciously set bond fees, treating the various plaintiffs differently and depriving them of equal treatment under the law. This allegation is sufficient to survive a 12(b)(6) challenge; the motion to dismiss Count VII is DENIED.

Count IV is dismissed as duplicative of Count VII.

Counts V and VI allege that the defendants acted outside the authority of Illinois law. Count X alleges that the policy of taking bond fees violates Illinois' separation of powers. These are not allegations of injury redressable by this court. The motion to dismiss is GRANTED as to Counts V, VI, and X.

Count IX alleges that the defendants failed to comply with Illinois law. Count XI alleges that the defendants improperly

levied taxes on the plaintiffs in violation of Illinois law. These counts do not allege any redressable injuries separate from the constitutional injuries alleged in earlier counts. The motion to dismiss is GRANTED as to Counts IX and XI.

Count XII alleges conversion on the part of the defendants and demands an accounting of all bond fee transactions, as well as a return of bond fees paid. To state a claim for conversion, plaintiffs must allege that the defendants wrongfully deprived them of money to which they had a right to immediate possession. *Horbach v. Kaczmarek*, 288 F.3d 969, 978 (7th Cir. 2002). Further, the money must be "a specific fund or specific money in coin or bills" and plaintiffs' "right to the money must be absolute." *Id.* Plaintiffs do not allege that the money in question was a specific fund; there is nothing before me to show that the money was in any way segregated from other money, placed in an exclusive account, or otherwise made distinctive. Simply placing a specific dollar amount on the money in question is not sufficient to make it a "specific fund." *See, e.g., Marc Dvmpt., Inc. v. Wolin*, 904 F. Supp. 777, 795 (N.D. Ill. 1995) (Moran, J.); *Cumis Inc. Soc., Inc. v. Peters*, 983 F. Supp. 787, 793-794 (N.D. Ill. 1997) (Alesia, J.). Plaintiffs makes no allegations that the defendants in any way segregated the money in question or otherwise earmarked it. The money in question is therefore not a "special fund" and the allegations are not sufficient to sustain a claim for conversion.

5

The motion to dismiss is GRANTED as to Count XII.

Count XIII seeks an injunction against the collection of bond fees. As plaintiffs have not established that in the absence of an injunction they or anyone else will suffer irreparable harm with no remedy at law, an injunction is not appropriate here. The motion to dismiss is GRANTED as to Count XIII.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 28, 2004