IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DELVIN C. PAYTON, EVAN WALLACE, )
LARRELL CANNON, REGINALD CLAY, )
AARON S. CORSON, and PHILLIP O. )
CARSON, on behalf of themselves )
and as representatives of the )
class herein defined, )
)
        Plaintiffs, )
) No. 99 C 8514
  v. )
)
THE COUNTY OF KANE, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This is an action filed by former detainees in the county jails of two Illinois counties, DuPage and Kane. Before the court is plaintiffs' amended motion for class certification (the "motion"). The Fourth Amended Complaint (the "complaint") alleges that state legislation enabling certain Illinois counties to impose additional bond fees on persons who post criminal or civil bonds is invalid and void because the legislation, on its face and as applied, violates the equal protection and due process clauses of the federal and state Constitutions. Additional provisions of the Illinois Constitution are also implicated by the complaint.

The legislation at issue is an Act of the Illinois General Assembly (P.A. 91-94)(the "Act"), which amended 725 ILCS 5/110-7 and 55 ILCS 5/4-5001. Plaintiffs contend that 725 ILCS 5/110-907

is unconstitutional because it requires that to secure pre-trial release, detainees must first pay (where assessed) additional fees ("additional bond fees") above the amount of bail set by the court, and that 55 ILCS 5/4-5001 is unconstitutional because it allows counties to set the additional bond fees.

On October 11, 2001, I denied a prior motion for class certification herein and dismissed the case on the ground that the plaintiffs lacked standing to represent the putative class. The Seventh Circuit reversed. *Payton v. Kane County*, 308 F.3d 673 (7th Cir. 2002). The Seventh Circuit instructed me to make an explicit analysis of whether or not the plaintiffs meet the requirements of Fed. R. Civ. P. 23 for the maintenance of class actions, and also required that, on remand, the parties consider the consequences on the present action of my holdings in *Coleman v. County of Kane*, 196 F.R.D. 505 (N.D.Ill. 2000) and *Ringswald v. County of DuPage*, 196 F.R.D. 509 (N.D.Ill. 2000).

On remand, on January 28, 2004, I dismissed all counts of the complaint except for Count VII for failure to state a claim. I allowed Count VII to stand only to the extent that it alleges unequal application of the Act between counties.

Statutory Background and Practices

Prior to 1964, professional bondsmen provided bail bonds for detainees in the Illinois criminal justice system who could not, or did not wish to post the bond set by the court from their own

funds. As the United States Supreme Court noted in *Schlib v. Kuebel*, 404 U.S. 357, 359-60(1973),

> The results were that a heavy and irretrievable burden fell on the accused, to the excellent profit of the bondsman, and that professional bondsmen, and not the courts, exercised significant control over the actual workings of the bail system.

In 1963, Illinois enacted predecessor legislation to the statute presently designated as 725 ILCS 5/110-7. Under the 1963 statute, a detainee could eliminate the professional bondsman and secure his release if he executed a bail bond and deposited with the clerk of the court cash equal to 10 percent of the bail set by the court or $25, whichever was the greater. If the conditions of the bond were performed, the clerk returned to the accused 90 percent of the amount deposited, retaining the other 10 percent (one percent of the bail) as "bail bond costs." These provisions applied to all detainees, whether guilty or innocent, who availed themselves of the 10 percent cash bond, but did not apply to persons released on their own recognizance. The purpose of the fees was to help defray the costs incurred by the courts in processing bonds.

In *Schlib v. Kuebel*, 264 N.E.2d 377, 382 (Ill.1970) the Illinois Supreme Court affirmed dismissal of a class action challenging the 1963 statute. It noted that, "[t]he requirement of a fee to help defray the cost of administrative services in the courts is a traditional and basic concept recognized as valid by

this court." The United States Supreme Court affirmed the Illinois Supreme Court's decision, stating that retention of 1 percent of the bond by the court "smacked of administrative detail" and did not violate the equal protection and due process provisions of the federal Constitution. *Schlib v. Kuebel*, 404 U.S. 357, 365 (1973). *See also Broussard v.Parish of Orleans*, 318 F.3d 644, 657 (5th Cir. 2003)(arrestees' interest in being free from nominal bond fees charged in Jefferson Parish, Louisiana was minimal and outweighed by government's interest in funding the bail bond system and maintaining cost effective procedures).

For many years prior to 2000, Illinois county sheriffs were authorized to collect fees "[f]or taking all bonds on legal process, criminal or civil." 55 ILCS 5/4-5001. The fees allowed to the sheriffs varied in amount. Illinois law classifies counties by population. Counties with populations of less than 25,000 persons are designated counties of the first class, those containing populations of more than 25,000 but less than 1,000,000 are designated counties of the second class, and counties with a population exceeding 1,000,000 are designated counties of the third class. 55 ILCS 5/4-1001. Prior to January 1, 2000, sheriffs of counties of the first and second classes were authorized by statute to collect a one dollar fee for taking all bonds on legal process, while counties of the third class could collect a five dollar fee.

4

55 ILCS 5/4-5001 and 55 ILCS 5/4-12001 (1993). Kane and DuPage Counties are counties of the second class.

Illinois revised its statute in 1999. The 1999 Act provides sheriffs of counties of the first and second classes with a means of recouping their bond-related administrative expenses more fully. It does so by amending 55 ILCS 5/4-5001 to provide that (a) the sheriffs may collect a bond fee for taking bonds in both civil and criminal cases, and (b) that the fees charged by the sheriffs may be increased [from the $1.00 fee] if the increase is authorized by law. The Act also amended 725 ILCS 5/110-7 to provide in subsection (b) thereof that "upon depositing the sum (10% of the bond set by the court) and *any bond fees authorized by law*, the [detainee] shall be released." (emphasis added)

The bond fees now charged by Illinois counties of the first and second classes vary in amount from $1.00 to $45.00. Enforcement of the fees is not uniform from county to county. Plaintiffs allege that Kane and DuPage Counties will not release a detainee until the bond fee has been paid; most of the other defendants do not condition release on payment of the bond fee despite the statutory authorization to do so. Some counties impose the bond fees on parties who are released on their own recognizance; others do not. In instances where detainees are allowed to secure their pre-trial release without paying the bond fees, some counties waive

5

or forgive the fees, while others may seek to recover the fees later by judicial process.

## The Parties and Class Definition

Although thirty-nine Illinois counties are named as defendants in this action, none of the six named plaintiffs alleges contacts with any county except Kane or DuPage. Plaintiffs Payton, Wallace, Cannon, and Clay allege that they were each compelled to pay an $11.00 bond fee above and beyond their bail in order to secure their pre-trial release from confinement in the Kane County Jail after February 1, 1998. Plaintiffs Corson and Carson were each compelled to pay a $15.00 bond fee above their respective bail amounts in order to secure pre-trial release from the DuPage County Jail after October 1, 1997.

The motion requests the certification of four subclasses of persons confined to one of defendants' county jails who were required to pay a bond fee to secure their pretrial release. They also seek certification of a defendant class of counties that have imposed administrative fees. Plaintiffs ask me to "certify an opt-out plaintiff and defendant class pursuant to Rule 23(b)(3), or in the alternative, a hybrid plaintiff and defendant class pursuant to Rule 23(b)(2) for plaintiffs' injunctive and/or declaratory relief claims with an opt-out plaintiff and defendant class for plaintiffs' damages claims."

## Claim Preclusion

The first issue is whether plaintiffs' claims are barred by this court's prior judgments in *Coleman* and *Ringswald*. The named plaintiffs in *Coleman* and *Ringswald* were arrested and paid additional bond fees in 1998 and 1999 respectively. Neither case pleaded claims against counties other than the one in which the named plaintiff had been detained. *Coleman* and *Ringswald* alleged that the additional bond fees were not imposed on those detainees who posted bond at places in their respective counties other than the county jails. But they differed from the present complaint in two other respects: they did not allege disparate treatment with respect either to persons released on their own recognizance or to lack of uniformity in connection with policies and practices relating to the continued detention of persons financially unable to pay the additional bond fees. The class I certified in each of those cases included all "pre-trial detainees (in the respective counties) who were required to pay a sheriff's fee for the processing of their criminal bail bonds prior to January 1, 2000," and thus cover the present plaintiffs.

The present plaintiffs were absent class members in *Coleman* and *Ringswald*. *Coleman* and *Ringswald* included claims for monetary relief and were certified as class actions under Rule 23(b)(3). Due process and Rule 23(C)(1)(b) require that notice of a judgment must be given to a Rule 23(b)(2) class if the rights of absent class

7

members to bring individual claims for monetary relief are to be extinguished. No such notice was given, and consequently res judicata is not applicable. *Johnson v. General Motors Corp.*, 598 F.2d 432, 433, 436 (5th Cir. 1979).

### The Class Action Requirements of the Federal Rules of Civil Procedure

The Seventh Circuit suggested in its opinion that under the principles announced in *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973) and its progeny, it might be possible to permit the named plaintiffs here to represent a class that included claimants whose claims are addressed to all counties that availed themselves of the provisions of the Act and set additional bond fees above the minimum figure set forth in 55 ILCS 5/4-5001. I conclude that the rule, sometimes referred to as the juridical link doctrine, is not applicable to this action in its present posture. I have already ruled out any claim based upon the facial invalidity of the act, and the record shows that in any event the alleged unequal treatment of detainees by the counties involved arises as a result of counties acting separately and by different means. *See Thompson v. Board of Education*, 709 F.2d 1200, 1204-05 (6th Cir. 1983).

The basic requirements for class certification are set forth in Fed. R. Civ. P. 23(a) and (b). Subsection (a) provides

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous

that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In order to qualify for class certification, the plaintiffs must meet all four of the enumerated requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).

All of the counties that have appeared herein with the exceptions of Carroll, Effingham, Macon, and Sangamon Counties, have now conceded numerosity. Moreover, given the populations and criminal prosecutions of just those counties with which the defendants allege actual contact,[1] it may fairly be inferred that joinder of all members of the putative class is impracticable. I therefore find that the numerosity requirement has been satisfied.

No defendant, however, concedes the other three requirements of Rule 23(a): commonality, typicality and adequacy of representation. The commonality requirement is at least arguably met, since certain questions of law are common to the class, but plaintiffs cannot show typicality.

---

[1] A Web search revealed the following statistics. In 1999, the population of DuPage County was estimated at 892,547. http://www.ojp.usdoj.gov/bjs/pub/pdf/scpld01.pdf. The number of drug related arrests alone in that county during 2001 was in excess of 4000. Drug arrests alone in Kane County in 1999 peaked at over 2500 in 1999 and remain high. http://www.icjia.org/public/pdf/CountyProfiles/Kane.pdf

A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The Act is no longer at the heart of this action; instead it is the allegedly unconstitutional implementation of the Act by counties each acting on its own interests and by means of it own devising. It is undisputed that each county independently determined how much to charge, why, and under what circumstances. Whether an individual county did so in an arbitrary and capricious manner is therefore a question which must be answered on a county-by-county basis, and it is possible that some counties violated equal protection standards and others did not. No plaintiff's claim could be, or is, typical of so broad a class as plaintiffs seek to establish.[2]

I deny the motion for class certification.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 10, 2005

---

[2] Although the Seventh Circuit noted that plaintiffs could probably represent a class limited to detainees in DuPage and Kane Counties, for some reason plaintiffs have not sought certification of such a class. They have until June 24, 2005 to notify the court whether they wish to proceed with a class limited to these counties. By the same date, the relevant defendants may file any objection not discussed in this opinion.